UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RONALD BROWN,

      Plaintiff,

vs.                                  Case No.  3:03-cv-189-J-20MCR

JO ANNE B. BARNHART, Commissioner of
the Social Security Administration,

      Defendant.

_____/

# O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Attorney's Amended Motion for

Award of Attorney Fees Under 42 U.S.C. Section 406(b) (Doc. 22) filed September 15,

2005.  According to Plaintiff, the Commissioner does not oppose the proposed fee.

(Doc. 22).

Plaintiff's counsel, who obtained a sentence four remand/reversal of denial of

benefits for her client in this social security appeal (see Doc. 15, Final Order reversing

and remanding case to Commissioner), received an award of EAJA fees in the amount

of $3,590.70 for her 24.4 hours of work in federal court on this case. ( See Doc. 18

Order on Application for Attorney's Fees).  Upon remand, the Commissioner issued a

decision favorable to Plaintiff and awarded Plaintiff past-due social security disability

insurance benefits in the amount of $46,455.00.  (Doc. 22, Ex. C).  Pursuant to 42

U.S.C. §406(b), the Commissioner normally sets aside approximately 25% of a

plaintiff's past-due benefits award in escrow for the possible payment of attorney's fees.

-1-

In this case, the Commissioner set aside $5,300.00 rather than 25% of the past-due benefits (which would have been $11,613.75).  It appears the Commissioner did this because the contingency Fee Agreement entered into between Plaintiff and his attorney indicated that if the SSA favorably decided any SSA claim, Plaintiff's attorney would be paid a fee "equal to 25% of the past-due benefits resulting from [Plaintiff's] claim or $5,300.00, whichever is less."  (Doc. 22, Ex. A).  However, this provision only applied to the administrative process.  The Fee Agreement provided that with respect to further appeals, Plaintiff's attorney would be entitled to "25% of any past due benefits for [Plaintiff] resulting from the claim, without limitation to $5,300.00."  Id.

In this application, Plaintiff's counsel presumably seeks recovery for the same hours she claimed in her EAJA application.  However, while the hourly rate recovered by Plaintiff's counsel pursuant to her EAJA application was statutorily capped at $147.16 per hour, Plaintiff's counsel now seeks a fee award of 25% of the past-due benefits according to the contingent Fee Agreement entered into by Plaintiff and his attorney.  (see executed fee agreement, Doc. 22, Ex. A).  Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for her client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A).  In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted).  "Within the 25% boundary . . . the attorney for the successful

claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee arrangement, which the Court recognized as the most common fee arrangement in social security cases. Id. at 800.  In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. Id. at 808.  Other key considerations include the character of the representation and the results the representation achieved. Id.  For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

The Court previously found Plaintiff's counsel reasonably expended 24.4 hours prosecuting this case.  The Court has now reviewed the contingent fee contract and has considered the character of the representation and the results the representative achieved and finds that the contingent fee contract is reasonable in this case.[1] Plaintiff's counsel is therefore entitled to an award of 25% of the past due recovered ($46,455.00 x .25 = $11,613.35) less the $5,300.00 counsel has been awarded pursuant to 42 U.S.C. § 406(a) for administrative work or $6,313,35.  Plaintiff's counsel has already recovered $3,590.70 in EAJA fees in this case and to prevent "double-dipping" Plaintiff's counsel could refund the EAJA fee to Plaintiff upon receipt of the 406(b) award, or alternatively, that sum could be deducted from Plaintiff's counsel's recovery of any escrowed sum.  In her brief, Plaintiff's counsel suggested the former

---

[1]  The Court has also taken into account that the Commissioner has not objected to the instant fee request.  Thus, this decision should not be viewed as precedent in a case where the rate is contested.

method and as the Commissioner does not object, the Court will permit it.  Accordingly, it is hereby

**ORDERED**:

Plaintiff's Attorney's Amended Motion for Award of Attorney Fees Under 42 U.S.C. Section 406(b) (Doc. 22) is **GRANTED**.  The Court finds that a reasonable attorney fee for Plaintiff's counsel, Tracy Tyson Miller, for representation of Plaintiff in this Court is **$6,313.35** and the Commissioner is ordered to pay said sum to Tracy Tyson Miller.  Plaintiff's attorney is directed to refund to Plaintiff $3,590.70 representing the fee already paid to Plaintiff's counsel under her EAJA application.  The Clerk shall enter Judgment accordingly.


**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of September, 2005.


*Monte C. Richardson*
_____
    MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record